S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB #913841**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 717-1117
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| UNITED STATES OF AMERICA | 3:11-CR-375-01-HA |
|---|---|
|  | 3:11-CR-379-01-HA |
| v. |  |
|  | GOVERNMENT'S SENTENCING |
| WILLIAM FLOYD MORRE, | MEMORANDUM |
| Defendant. | *Sentencing Hearing  9-24-12* |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Gregory R. Nyhus, Assistant United States Attorney (AUSA) for the District of Oregon, provides this sentencing memorandum in the above entitled matter.

The government has reviewed the Pre-Sentence Report (PSR) and has no objections.

I.   CRIMES OF CONVICTION

On July 16, 2012, defendant entered pleas of guilty to two indictments and a supervised release violation:

A.  Unarmed Bank Robbery

Defendant entered a plea of guilty to Count One of the Indictment in 3:11-CR-375-HA, charging a single count of unarmed bank robbery in violation of Title 18, United States Code, Section 2113(a).

Unarmed bank robbery carries a maximum penalty of 20 years in prison, a $250,000.00 fine, two to three years of supervised release, mandatory restitution, and a mandatory fee assessment of $100.00.

B.    Felon in Possession of a Firearm

Defendant entered a plea of guilty to Count One of the Indictment in 3: 11-CR-379-HA, charging the crime of Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1), 924(e)(1) and 924(d).

Defendant's qualifying felony convictions include:

(1)    June 13, 1980, in Bernalillo County District Court, State of New Mexico, case number 310809, for Burglary in the First Degree;

(2)    January 30, 1987, in the United States District Court for the District of Oregon, case number CR 86-175, for two counts of Bank Robbery;

(3)     June 15, 1992, in the United States District Court for the District of Oregon, case number CR 92-5-01 for Bank Robbery; and

(4)    October 23, 1997, in the United States District Court for the District of Oregon, case number CR 97-195 for Bank Robbery.

Based on the foregoing, the parties have previously agreed that defendant is an Armed Career Criminal as defined in Title 18, United States Code, Section 924(e)(1). Such a violation

is punishable by a mandatory minimum term of imprisonment of fifteen years (180 months), a fine of up to $250,000, five years of supervised release and a $100 fee assessment.

Defendant also stipulated to the forfeiture or abandonment, as appropriate, of the Smith and Wesson Model 19, .38 caliber revolver, serial number RPZ9551.

  C.  Supervised Release Violation

Defendant also admitted a violation of supervised release in 3: 97-CR-195-HA, alleging the commission of new criminal conduct as alleged above. Disposition was set over until sentencing in the other matters. Here, such a violation is punishable by period of imprisonment of up to 36 months and a term of reimposed supervision. A reimposition of supervised release is precluded if the Court imposes the maximum term of imprisonment.

  D.  Specific Admissions

For purposes of the imposition of restitution only, defendant was offered to admit responsibility for the following bank robberies, for which the government would in turn agree not to prosecute defendant:

    1.  07/23/2011 Chase Bank in Fred Meyer, 7700 NE HWY 99, Vancouver, Washington, $7,000;

    2.  05/12/2011 Chase Bank in Fred Meyer, 1839 Molalla Avenue, Oregon City, $2,291 (**the instant offense**);

    3.  09/08/2011 US Bank in Albertsons, 10830 SE Oak, Milwaukie, $2,315.

Because defendant did not make any such admissions to the government (the government is not in receipt of any notice or writing indicating that defendant intends to admit for the

specific purpose of restitution) the government remains free to continue its investigation and, if warranted, charge defendant

D. Offense Conduct

On September 8, 2011, at approximately 11:25 a.m., a robbery occurred at the US Bank located inside Albertson's at 10830 SE Oak Street, in Milwaukie, Oregon 97222. The bank, whose deposits were then insured by the Federal Deposit Insurance Corporation (FDIC), suffered a loss of $2,315.00 in United States currency.

Defendant entered the store, approached a teller window and presented a demand note on a white piece of paper, similar to an envelope, to a bank teller. The victim teller recounted the note to read "no scanners, no trackers. Give me all the money, I'm not kidding, no 1s or 5s." In addition to the note, the defendant had an envelope in his hand. Defendant took the note and envelope with him when he left the bank. Defendant was given bait bills from the bank.

Witnesses from the bank described the robber as a white male approximately 35-40 years old, standing approximately six feet tall, with a thin build, weighing approximately 180-190 pounds, and has a light complexion. The robber was wearing blue jeans, a dark long sleeve shirt, a dark baseball cap, and a bandana underneath the baseball cap. The robber wore sunglasses and what looked to be a fake black mustache.

Defendant left the bank counter and exited Albertson's west side doors. Witnesses reported that defendant walked west across the parking lot to cross SE Oak Street and enter another parking lot near a strip mall, north of the Walgreens located at 10903 SE Oak Street, Milwaukie, Oregon. Defendant took off his shirt, which exposed a white shirt, and got into a

champagne colored Ford Ranger pickup truck. Defendant drove onto SE Oak Street and then onto Highway 224 where he was last seen traveling eastbound on Highway 224.

An employee of Dotty's, which is located in the strip mall north of Walgreens, informed police that he knew who the police were looking for and explained that he saw a man whom he knew for many years as William Floyd Moore, defendant, get into a champagne colored Ford Ranger pickup truck. The witness told police that defendant spent time in prison for robbery and that he just saw defendant changing into a white jersey style shirt. When the witness yelled out to him, defendant did not respond. The witness said that he saw defendant drive out of the parking lot onto SE Oak Street toward Highway 224. The witness provided defendant's address to police.

Law enforcement located a champagne colored Ford Ranger pickup truck registered to defendant across the street from defendant's residence located in Milwaukie, Oregon. Upon locating this pickup truck, law enforcement set up surveillance on the house. Shortly thereafter, defendant got into Ford Ranger pickup truck and began to drive away but was stopped and defendant was taken into custody.

Defendant denied having been at the bank or knowing where it was located. He then asked for an attorney.

Law enforcement learned that he lived with his ex-wife and that they still shared a bedroom.

On September 9, 2011, officers served a federal search warrant on defendant's pick-up truck after he was arrested for Bank Robbery. A .38 caliber Smith and Wesson Model 19 handgun, loaded with five hollow point bullets was seized from the compartment behind the

driver's seat. Officers also located $1,105 in a paper bag. The $1,105 located in defendant's vehicle included several bait bills passed to the defendant during the US Bank robbery on September 8, 2011.

## II.     GUIDELINES APPLICATION

### A.     Standards

The Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Those factors, however, must be linked in some meaningful way to the sentencing guidelines. A district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence. *United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir.2008) (en banc)) quoted in *United States v. Munoz-Camerena*, Slip Op at 13459, No. 09-50088 (SD Cal.) (September 3, 2010). Since *Menyweather* was decided, 447 F.3d 625 (9th Cir.2006), the Supreme Court has made clear that the district court must correctly calculate the recommended Guidelines sentence and use that recommendation as the " 'starting point and the initial benchmark.'" *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)); see also *Gall*, 552 U.S. at 51 (holding that improperly calculating the Guidelines range constitutes "significant procedural error"); *Carty*, 520 F.3d at 991. The Supreme Court also has emphasized that the recommended Guidelines range must "be kept in mind throughout the process." *Carty*, 520 F.3d at 991; see also *Gall*, 552 U.S. at 50 n. 6 ("[D]istrict courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."). The

distilled wisdom of the guidelines should be accorded great weight during the deliberative process of sentencing, and should guide this court's considerations throughout.

B.     Discussion

Pursuant to the terms of the plea agreement, the parties have agrees to recommend defendant be sentenced to a term of imprisonment of 15 years followed by a term of five years supervised release, calculated as follows:

      1.     Unarmed Bank Robbery, Case Number 11-CR-375-HA:

Following application of a reduction for acceptance of responsibility, defendant's applicable advisory guideline range is 151 - 188 months. The parties recommend defendant be sentenced to a term of imprisonment of 151 months.

      2.     Supervised Release Violation, Case Number 97-CR-195-HA

The parties recommend defendant receives a sanction of 24 months with no reimposition of supervised release.

      3.     The parties agree to recommend that the sentences above be ordered to run consecutive to each other for a total term of imprisonment of 175 months.

      4.     Felon in Possession of a Firearm, Case Number 11-CR-379-HA:

The parties agree that defendant is an Armed Career Criminal as defined in Title 18, United States Code, Sections 924(e)(1), requiring a mandatory minimum sentence of 15 years imprisonment. The parties further agree to recommend that defendant serve this term of imprisonment concurrently with any other term of imprisonment ordered by the Court.

///

///

### III. DEPARTURES AND ADJUSTMENTS

  A. Acceptance of responsibility

Defendant has demonstrated that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. Therefore, the government will recommend a three-level reduction in defendant's offense level.

  B. Other departures

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

### IV. RESTITUTION

The government respectfully requests that the Court order restitution be due immediately and in full, per the written plea agreement and the Mandatory Victim's Restitution Act (MVRA), 18 U.S.C. § 3663(a), to be paid to the Clerk of the Court, with the $1,105 amount held by law enforcement to be treated as a credit toward defendant's restitution obligation. Following sentencing, the law enforcement agency with custody of the seized money will present it to the Clerk's Office, who will then apply it to the restitution ordered in this matter.

///

///

///

IV.  CONCLUSION

Based on the foregoing, the government recommends that the Court sentence defendant to a term of 180 months, as indicated herein.

Dated this 19th day of September 2012.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB #913841
(503) 727-1000